IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-30609
Summary Calendar

MICHAEL NAVARRE

Petitioner-Appellant

v.

RICHARD STALDER, SECRETARY, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-1916

Before JOLLY, BENAVIDES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Navarre, Louisiana prisoner # 410318, appeals the district court's
dismissal of his 28 U.S.C. § 2254 application, challenging his conviction and
sentence for first degree murder and manslaughter. At issue is whether the
prosecution improperly attempted to impeach Navarre with his post-arrest
silence and whether the trial court improperly commented on the evidence and
bolstered the credibility of a state witness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief may not be granted to any issue that was adjudicated on the merits by the state court unless the state court's conclusions were "contrary to" or involved an "unreasonable application" of clearly established federal law as determined by the Supreme Court or were based on an unreasonable determinations of the facts. 28 U.S.C. § 2254(d)(1), (2).

Navarre does not show that the prosecutor's question to which the defense counsel objected and the court sustained the objection, had a substantial and injurious effect on the jury's verdict. See United States v. Chavez, 193 F.3d 375, 379 (5th Cir. 1999). The factual situation in the instant case closely resembles that in Greer v. Miller, 483 U.S. 756, 764-66 (1987), where the Supreme Court determined that a single question by the prosecution regarding the defendant's post-arrest silence, followed by an objection and curative instruction did not result in a deprivation of the defendant's due process rights.

Navarre's challenge to the trial court's statement explaining its reason for denying defense counsel a copy of a transcript of a statement of a key eyewitness is also without merit. The trial court did not make an improper remark but rather explained its reasons for denying the defense request. The state court's resolution of these issues is not contrary to clearly established federal law. See § 2254(d)(1), (2).

Accordingly, the judgment of the district court is AFFIRMED.